HALL, Judge,
concurring.
I concur in the result. The plaintiff failed to prove that except for substantial irregularities or error he would have been elected, LSA-R.S. 18:1401 B., or that it is impossible to determine the result of the election, LSA-R.S. 18:1432 A.(l), or that the number of unqualified voters who were allowed to vote by the election officials was sufficient to change the result of the election if they had not been allowed to vote, LSA-R.S. 18:1432 A.(3).
The evidence establishes that at least 25 voters who were not residents of District 4 voted in the District 4 police juror election. The election officials allowed 73 voters who were not residents of District 4 to enter voting machines which had not been adjusted so as to preclude their voting in the District 4 election. Whether any more than 25 of these voters voted in the District 4 election is speculative and is not established by the evidence.
With 25 unqualified voters voting in the election, all 25 would have had to have voted for the defendant in order to change the result. The evidence does not establish for whom any of the unqualified voters voted, but it is virtually certain that defendant did not receive the votes of all 25 in this close election. Although it is mathematically possible that the number of unqualified voters who were allowed to vote was sufficient to change the result, it is factually highly improbable.
Accordingly, the plaintiff failed to prove by a preponderance of the evidence that, *1206 except for the votes cast by the unqualified electors, he would have been elected, or that it is impossible to determine the result of the election, or that the number of unqualified voters who were allowed to vote was sufficient to change the result.
The primary reason for expressing these concurring reasons is that I do not fully agree with the proposition that, in an election contest based on LSA-R.S. 18:1432, the plaintiff must prove that, but for the alleged illegal votes, he would have won the election; nor do I fully agree with the significance placed on the failure to show for whom the illegal votes were cast. The “but for” test strictly applied makes mandatory an inquiry into how certain voters voted which runs into the teeth of the secret ballot required and guaranteed by Article XI, § 2 of the Louisiana Constitution. Where the grounds for the contest are the enumerated statutory grounds set forth in § 1432, the plaintiff’s burden should be to prove by a preponderance of the evidence that it is impossible to determine the results, or that the number of qualified voters who were denied the right to vote or the number of unqualified voters who were allowed to vote, more probably than not, was sufficient to change the result. .
In this case, it is more probable than not that the 25 votes by unqualified voters had no effect on the result of the election, which defendant won by a margin of 24 votes. The number of unqualified votes, viewed in terms of realistic probabilities, was not sufficient to have changed the result.